**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL LAVORUS NELSON,

      Defendant - Appellant.

No. 12-6040
(D.C. Nos. 5:11-CV-00897-F and
5:10-CR-00071-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Michael Lavorus Nelson, a federal prisoner appearing *pro se*, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C § 2255 motion, asserting he should have been sentenced for a crack cocaine offense under the Fair Sentencing Act of 2010, (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010), in effect at his sentencing. Nelson cites two grounds for relief:

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining defendant's brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

a violation of due process and ineffective assistance of counsel. On the ineffective assistance of counsel claim, the district court ruled Nelson could not establish prejudice because, even if counsel's performance was deficient, the FSA did not apply retroactively to Nelson's pre-Act offense. The district court dismissed the due process claim as procedurally barred, concluding that because Nelson could not show his trial counsel was ineffective, no cause existed to excuse the default.

The Supreme Court recently held in *Dorsey v. United States*, Nos. 11-5683 and 11-5721, 2012 WL 2344463 (U.S. June 21, 2012), that the FSA does apply to offenders, like Nelson, who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3. Because the district court's decision turned on a contrary interpretation of federal law which has now been clarified, Nelson's application for a COA is GRANTED, the judgment is VACATED and the case is REMANDED for further consideration in light of *Dorsey*. Nelson's motion to proceed *in forma pauperis* is GRANTED, as is the United States' motion for summary disposition. The mandate shall issue forthwith.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-2-